UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JEFFREY WAYNE RHOADES,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

NO. CV-06-3043-RHW

**ORDER DISMISSING PETITION FOR HABEAS CORPUS**

By previous Order, the Court dismissed Petitioner's first, second, and fourth grounds for habeas relief. However, the Court directed Respondent to file additional briefing on Petitioner's third stated ground for relief regarding the State's denial of his motion to substitute counsel. Respondent timely filed its response, and Petitioner has not replied. After reviewing the file, records, and applicable case law, the Court dismisses Petitioner's third ground for relief as well.

The Court discussed the background facts of this matter in detail in its previous Order, and the parties are familiar with them, so the Court will not reiterate them here. Petitioner's third ground for relief involves the superior court's refusal to appoint substitute counsel.

### STANDARD OF REVIEW

A district court may entertain an application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Because Rhoades filed his habeas petition after April 24, 1996, the

ORDER DISMISSING PETITION FOR HABEAS CORPUS * 1

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case. *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004). Under AEDPA, a petitioner seeking a writ of habeas corpus must demonstrate that the State court's adjudication of the merits of the case resulted in a decision that "(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-72 (2003) (explaining the standard). Only "clearly established Federal law, as determined by the Supreme Court of the United States" is a sufficient basis for relief under AEDPA. 28 U.S.C. § 2254(d); *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005). If a petitioner establishes a Constitutional trial error, the court must determine if the error caused "actual and substantial" prejudice. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993).

      A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts a governing law set forth" in Supreme Court cases, or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application of clearly established Federal law [if] the state court identifies the correct governing legal principal" from a Supreme Court decision, "but unreasonably applies that principal to the facts of the prisoner's case." *Id*. at 413. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Determinations of factual issues by the state court are presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by "clear and convincing" evidence. 28 U.S.C. § 2254(e)(1); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003).

ORDER DISMISSING PETITION FOR HABEAS CORPUS * 2

# DISCUSSION

The only remaining ground for habeas relief alleged in Rhoades' petition is whether the trial court abused its discretion in denying the motion for substitution of counsel. Rhoades argues that his Sixth and Fourteenth Amendment rights were violated when the trial court refused to substitute counsel and that the refusal prevented him from adequate counsel as there was a "total breakdown in representation caused by irreconcilable conflict. . . ."

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989). "[A] defendant who establishes that his right to counsel of choice was violated need not demonstrate prejudice in order to be entitled to relief, as a defendant claiming ineffective assistance of counsel is required to do." *Miller v. Blacketter*, 525 F.3d 890, 895 (9th Cir. 2008).

The Supreme Court has rejected "the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983). The Ninth Circuit, however, has noted that "the Court's holding that a defendant has no right to a 'meaningful relationship' with his attorney in no way suggests a retreat from the principle that the defendant is entitled to an attorney who acts as his advocate, or a rejection of the theory that an attorney-client relationship can be so dysfunctional as to render counsel unable to provide the constitutional minimum of adequate representation in the role of advocate." *Plumlee v. Del Papa*, 465 F.3d 910, 919 (9th Cir. 2006). The Supreme Court "has established that a trial court requires 'wide latitude in balancing the right to counsel of choice against the needs of fairness, and against

ORDER DISMISSING PETITION FOR HABEAS CORPUS * 3

the demands of its calendar.' As such, trial courts retain the discretion to 'make scheduling and other decisions that effectively exclude a defendant's first choice of counsel.'" *Miller*, 525 F.3d at 895 (internal citation omitted) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150-52 (2006)).

The Court of Appeals wrote that Rhoades' dissatisfaction "was caused by a miscommunication between him and Mr. Becker. It also appears that Mr. Rhoades did not appreciate hearing the damaging information that Mr. Becker discovered about Mr. Rhoades, and he accused Mr. Becker of purposely searching for such information." Because Rhoades was four days away from his 60-day speedy trial date and Rhoades refused to agree to a continuance, the court found that Rhoades failed to show good cause and that the record did not support Rhoades' dissatisfaction.

Rhoades must go beyond a claim that he had a "Sixth Amendment right to choose [his] counsel." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). Rather, he must claim that he was constructively denied counsel. *Daniels v. Woodford*, 428 F.3d 1181, 1197 (9th Cir. 2005). As the *Daniels* court noted, upon habeas review "[t]he court must consider: (1) the extent of the conflict; (2) whether the trial judge made an appropriate inquiry into the extent of the conflict; and (3) the timeliness of the motion to substitute counsel." *Id.*, at 1197-98 (citing *United States v. Moore*, 159 F.3d 1154, 1158-59 (9th Cir.1998)).

Here, as in *Miller*, Defendant had not identified another attorney who was prepared to take the place of Mr. Becker, and he was unwilling to agree to a continuance. *See Miller*, 525 F.3d at 896. After initially filing his motion to substitute counsel, Petitioner see-sawed between being unhappy and happy with Mr. Becker's representation, ending up dissatisfied a mere four days before his speedy trial deadline was set to expire. Obviously his conflict with Mr. Becker was not completely unworkable.

Additionally, the superior court judge reasonably concluded that Mr. Becker

ORDER DISMISSING PETITION FOR HABEAS CORPUS * 4

was sufficiently prepared for trial. *See id.* At the hearing during which Petitioner requested substitute counsel a second time, Mr. Becker told the court he was ready to proceed, and indeed he had conducted interviews with Petitioner and witnesses in preparation for trial. It appears the trial court had reasonable grounds to conclude that Mr. Becker was prepared to try the case as scheduled.

The timing of Petitioner's motion to substitute weighs against granting his request as well. Mr. Rhoades renewed his motion four days before the expiration of his speedy trial time. "The Supreme Court has held that 'only [a trial court's] unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay"' violates the Sixth Amendment, . . . and has emphasized the timing of the defendant's motion in analyzing such trial court decisions." *Id.* at 897 (internal citations omitted) (quoting *Morris v. Slappy*, 461 U.S. at 11-12). The trial court has "broad latitude" when considering motions to substitute counsel, particularly when they are filed so close to the trial date. *See id.* at 897-98. The court's decision in this matter was within its discretion and was not "the type of unreasoning and arbitrary insistence on expeditiousness that clearly established federal law prohibits." *Id.* at 898.

The Court therefore dismisses Mr. Rhoades' third ground for habeas relief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Ct. Rec. 12) is **DISMISSED with prejudice**.

///
///
///
///
///
///
///

ORDER DISMISSING PETITION FOR HABEAS CORPUS * 5

1    **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  Order and forward copies to counsel and Petitioner and to **close the file**.
3    **DATED** this 25th day of June, 2008.

                            *s/Robert H. Whaley*
                            ROBERT H. WHALEY
                            Chief United States District Judge

11  Q:\CIVIL\2006\Rhoades\habeas.dismiss.ord.wpd